# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**LIVE FACE ON WEB, LLC,**
**a Pennsylvania company,**

       **Plaintiff,**

**vs.**

**INFORMATION AGE TECHNOLOGIES,**
**INC.,**
**a Pennsylvania corporation,**

       **Defendant.**

**Case No.: _____**

**JURY TRIAL DEMANDED**

***Electronically filed***

## COMPLAINT

Plaintiff Live Face on Web, LLC, through its undersigned counsel, for its Complaint against the Defendant listed above and alleges as follows:

**I.      THE PARTIES**

1.      Plaintiff, Live Face on Web, LLC ("LFOW"), is a Pennsylvania limited liability company with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

2.      Upon information and belief, Defendant Information Age Technologies, Inc. ("Defendant"), is a Pennsylvania corporation with a principal place of business at 220 Bessemer Rd, Mt. Pleasant, PA 15666.

**II.     JURISDICTION AND VENUE**

3.      This action arising under the U.S. Copyright Act (17 U.S.C. §501 et seq.), and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      As fully set forth herein, Defendant has used and distributed LFOW's software and/or infringing derivative works thereof, which are the subject of U.S. Copyright Registrations.

5.      This Court has personal jurisdiction over the Defendant because the Defendant has conducted business in, and has had continuous and systematic contacts with the Commonwealth of Pennsylvania and this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Defendant is located in this District.

### III.   PLAINTIFF'S BUSINESS AND COPYRIGHTED TECHNOLOGY

7.      LFOW is a developer and owner of "live person" software, which is an original work of authorship independently created by LFOW ("LFOW Software").

8.      The LFOW Software allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a web spokesperson for the specific company for whom the video has been created. Typically the web spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Software is representative of LFOW's advertising idea; LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific goods and services found on the associated website.

9.      The LFOW Software enables a company to customize and dynamically modify settings and functionality of the web spokesperson. By way of example, a customer utilizing the LFOW Software can: (a) manipulate the positioning of the web spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the web spokesperson's presentation; (c) select the number of times a video presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

10.     The LFOW Software seeks to enhance a web site by using a real spokesperson to capture, hold and prolong the attention of the average online visitor,

enhancing the ability of the website to advertise specific goods and services. This technique has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

11.     Generally speaking, the LFOW Software can be implemented by LFOW's customers by modifying the HTML code of the LFOW customer's website. An HMTL script tag is embedded in the HTML code of the LFOW customer's website, which links the LFOW customer's website to a copy of the LFOW Software. An LFOW customer has the option of storing the copy of the LFOW Software on the same webserver(s) as the customer's website, or storing the copy of the LFOW Software on a different webserver(s) than the website. Many of LFOW's customers choose to have the copy of the LFOW Software stored on LFOW's webservers.

12.     Regardless of the particular webserver(s) where the LFOW Software is stored, the functionality and result is the same. When a web browser is directed to a website linked to the LFOW Software, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Software. The LFOW Software is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into computer memory and/or RAM (random access memory). As a result of the distribution of the LFOW Software, the specific web spokesperson video is automatically launched and displayed to advertise on the associated website.

13.     The LFOW Software is licensed to customers for a license fee by LFOW, which also receives fees for other services.

14.     The LFOW Software is also subject to the terms and conditions of LFOW's End User License Agreement ("EULA"). Since at least October 2007, LFOW

4

has included the web address where the EULA can be found, thus anyone who accessed any version of the LFOW Software since that time had notice of the EULA.

15. LFOW has registered the LFOW Software. Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Software version 7.0.0, prior to the publication of version 7.0.0, in the United States Copyright Office, as evidenced by the certificate of registration for TXu001610441, which was issued by the Register of Copyrights. A true and accurate copy of the certificate of registration is attached hereto as Exhibit A, and a true and accurate copy of the deposit work for TXu001610441 is attached hereto as Exhibit A1.

## IV. DEFENDANT'S COPYRIGHT INFRINGEMENT

16. Defendant owns, and/or operates and/or controls the website www.copilot21.com ("Defendant's website"). A copy of the HTML source code for the Defendant's website is found at Exhibit B.

17. Defendant's website advertises and promotes the products and/or services of Defendant.

18. Upon information and belief, Defendant has used a web spokesperson video to promote Defendant's products and/or services.

19. Upon information and belief, in order to display the web spokesperson video on Defendant's website, Defendant used and distributed, without permission, and therefore infringed upon, the infringing version of the LFOW Software.

20. Upon information and belief, Defendant has the right and ability to modify its own website or to have its website modified on Defendant's behalf.

21.     Upon information and belief, to implement the infringing version of the LFOW Software, the Defendant's website was modified by or on behalf of Defendant to include the following website source code and/or text, shown in Exhibit B: http://tweople.com/client/new_player.js?swf=http://tweople.com/client/new_main.swf&amp;flv=http://flash.yourvideopartner.com/mervyn/complete/1902.flv&amp;start=normal&amp;close=shrink&amp;play_when=1&amp;align_right=true&amp;show_loading=yes&amp;width=480&amp;height=360&amp;vlm=60&amp;x_off=160

22.     This modification links the Defendant's website to the file "new_player.js," an infringing version of the LFOW Software, which was stored for Defendant on the webserver(s) for www.tweople.com. A copy of "new_player.js" is found at Exhibit C.

23.     As a result of the modification to the Defendant's website referenced above, when a web browser retrieves a page from the Defendant's website, a copy of the infringing version of the LFOW Software is distributed by Defendant to the website visitor and stored on the visitor's computer in cache, memory and/or its hard drive. Accordingly, each visit to the Defendant's website is a new act of copyright infringement.

24.     The infringing version of the LFOW Software, shown at Exhibit C is substantially similar to the LFOW Software, and includes one or more instances of "LFOW," which is a reference to LFOW. The infringing version of the LFOW Software also includes the unique prefixes "lf_," which were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code. There is no functional value to

the use of the letters "LFOW" or "lf_" in the LFOW Software. Instead, these were both chosen as references to LFOW and its code.

25.     The web spokesperson video that launches on Defendant's website is a result of Defendant's distribution of the infringing version of the LFOW Software, which advertises and promotes the products and/or services of Defendant, encouraging the website viewer to purchase and/or use Defendant's products and/or services, thereby providing a monetary benefit to Defendant. Thus, Defendant's copyright infringement of the LFOW Software is in its advertising, and the infringement is for the purpose of advertising its products and/or services.

26.     Defendant intends for a copy of the infringing version of the LFOW Software to be distributed to website visitors in its advertising, as this is necessary for the video spokesperson to appear on the screen of the website visitor. The volitional distribution of the infringing version of the LFOW Software by Defendant to its website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson advertising Defendant's products and/or services by virtue of receiving the copy of the infringing version of the LFOW Software.

27.     Defendant profits directly from and has a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allows Defendant to more effectively promote and sell its products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendant.

28.     The infringing version of the LFOW Software is a sales and advertising tool for Defendant to generate revenues and profits and, upon information and belief, the

7

use and misuse of the infringing version of the LFOW Software by Defendant did in fact generate revenues and profits for Defendant, as more fully described below.

29.     Defendant unlawfully and continuously used the infringing version of the LFOW Software on unauthorized Web Page(s), for which Defendant did not pay applicable license fees and video production fees to LFOW.

30.     The unlawful use, reproduction and/or distribution of the infringing version of the LFOW Software on the Defendant's website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

31.     As the owner of registered copyright material in the LFOW Software, LFOW has an interest in protecting its rights against such intellectual property infringement.

32.     As a result of foregoing conduct of Defendant, LFOW has suffered significant harm and loss.

33.     Upon information and belief, Defendant actively induced end users to visit its website(s), and thereafter distributed the infringing version of the LFOW Software to end users (e.g. website visitors) numerous times.   The actual number can only be ascertained through discovery.

34.     Defendant has caused, enabled, facilitated, and/or materially contributed to the infringement by, inter alia, distributing copies of the accused software to each visitor via the Defendant's website(s) and refused to exercise its ability to stop the infringement made possible by the modification and continuous operation of its website(s).

35.     As the owner of the registered copyright in the LFOW Software, LFOW has an interest in protecting its rights against such copyright infringement.

36.     Under the authority of 17 U.S.C. § 504, LFOW is entitled to elect whether to recover statutory damages against Defendant for each act of copyright infringement.

## COUNT ONE

### Copyright Infringement

37.     LFOW incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

38.     Count One is an action under 17 U.S.C. § 501 for direct, indirect and/or vicarious infringement of registered copyright(s) as against the Defendant named in this Complaint.

39.     LFOW is the owner of valid copyright registration TXu001610441.

40.     LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

41.     The infringing version of the LFOW Software used and distributed by Defendant is at least substantially similar to the LFOW Software protected by TXu001610441.

42.     Defendant, through its agent(s), vendor(s), officer(s), and/or employee(s), modified Defendant's website to cause the copying, use and distribution of the infringing version of the LFOW Software.

43.     The past and ongoing copying, use and distribution of the infringing version of the LFOW Software by Defendant results in actual damage to LFOW,

including but not limited to the loss of licensing revenue lost as a result of Defendant's infringement.

44.    Defendant profited from and has a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allows Defendant to more effectively promote and sell its product(s) and/or service(s) on its own website(s) by capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or brand, public image and reputation of Defendant.

45.    Because Defendant owns, operates and/or controls its website, Defendant also has the right and ability to supervise and control the infringement and infringer by virtue of its ownership and control of its own website, but failed to do so.

46.    Unless Defendant is restrained and enjoined from their unauthorized use and distribution of the LFOW Software, these injuries will continue to occur.

47.    Irreparable harm and injury to LFOW are imminent as a result of Defendant's conduct and LFOW is without an adequate remedy at law.

48.    Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendant, its employees and agents, and all other persons acting in concert with Defendant, from engaging in any further improper acts.

49.    Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced and/or reproduced.

50.     Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendant, or, alternatively, to recover statutory damages of up to $150,000 for each work infringed.

51.     Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a)     Finding Defendant liable for copyright infringement by virtue of Defendant's past and ongoing unauthorized use of LFOW's Software;

b)     Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

c)     A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendant from further infringement, including but not limited to the cessation of operation of Defendant's website(s);

d)     An award of damages against Defendant under §504;

e)     An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees and costs; and

f)     Such and other relief as the Court deems appropriate.

**<u>JURY DEMAND</u>**

LFOW hereby demands a jury trial on all issues so triable.

Dated: December 30, 2015.

Respectfully submitted,
**Law Offices of Jason Rabinovich, PLLC.**

By:\_\_\_\_/s/ Jason Rabinovich, Esq._____
Jason Rabinovich, Esq.
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
JasonRabinovich@jasonrabinovichlaw.com

*Counsel for Plaintiff Live Face on Web LLC*